IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    RESPONDENT

v.                             No. 6:13-cr-60051
                               No. 6:16-cv-06057

DERRICK ESTELL                                                                                      MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Derrick Estell ("Estell").  ECF No. 52.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The United States of America (hereinafter referred to as the "Government") has responded to the Motion.  ECF No. 56.  The Court has considered the entire record, and this matter is ready for decision.   For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 52) be **DENIED**.

1.     **Background**:

On October 30, 2013, Estell was named in five-count Superseding Indictment filed in the United States District Court for the Western District of Arkansas.  ECF No. 5.  Count 1 alleged the following: "On or about March 1, 2013, in the Western District of Arkansas, Hot Springs Division, the defendant, **DERRICK ESTELL**, by force, violence and intimidation did take from the person or presence of another, U.S. currency, belonging to and in the care, custody, control, management and possession of Hot Springs Bank & Trust, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18 U.S.C. § 2113(a)."

Count 2 alleged as follows: "On or about March 1, 2013, in the Western District of Arkansas, Hot Springs Division, the defendant, **DERRICK ESTELL**, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, bank robbery, as charged in Count One of this Superseding Indictment, did knowingly use, carry and possess in furtherance of said crime of violence, a firearm, which was brandished, in violation of Title 18 U.S.C. § 924(c)(1)(A)(ii)."

Count 3 alleged as follows: "On or about March 7, 2013, in the Western District of Arkansas, Hot Springs Division, the defendant, **DERRICK ESTELL**, did take from the person of another a motor vehicle that had traveled in interstate commerce, namely a 2004 GMC Sierra, by force, violence and intimidation, with the intent to cause death and serious bodily harm, in violation of Title 18 U.S.C. § 2119(1)."

Count 4 alleged as follows: "On or about March 7, 2013, in the Western District of Arkansas, Hot Springs Division, the defendant, **DERRICK ESTELL** having been previously convicted of a crime punishable by imprisonment exceeding one year, knowingly possessed any one or more of the following firearms: 1. Charter Arms, .38 caliber revolver, serial number 301322 2. Taurus, .45 caliber pistol, serial number NCX59197 3. Arminus, .22 caliber revolver, serial number 792742 4. Colt, .25 caliber pistol, serial number 0032743 which had been shipped and transported in interstate commerce, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2)."

Count 5 alleged as follows: "On or about March 7, 2013, in the Western District of Arkansas, Hot Springs Division, the defendant, **DERRICK ESTELL**, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, carjacking, as charged in Count Three of this Superseding Indictment, did knowingly use, carry and possess in furtherance of said crime of violence, a firearm, which was brandished, in violation of Title 18

U.S.C. § 924(c)(1)(A)(ii)."

On November 22, 2013, Estell appeared for an arraignment before the Honorable U.S. Magistrate Judge Barry A. Bryant. ECF No. 13. At this arraignment, Estell appeared with Federal Public Defender Bruce Eddy. *Id.* Estell entered a plea of not guilty to all Counts of the Superseding Indictment. *Id.* Subsequently, the Honorable U.S. District Judge Susan O. Hickey set a jury trial in Estell's case for December 23, 2013 in El Dorado, Arkansas. *Id.* Estell's trial was subsequently continued until December 18, 2014. ECF No. 27.

On December 1, 2014, Estell appeared with counsel and entered a guilty plea as to Counts 2 and 5 of the Superseding Indictment. ECF No. 28. On the same day, Estell and the Government submitted a Plea Agreement to the Court. ECF No. 29. As a part of this Plea Agreement, Estell agreed to plead guilty to Counts 2 and 5 of the Superseding Indictment. *Id.* Specifically, Estell agreed as follows:

> 1. The defendant, **DERRICK ESTELL**, hereby agrees to plead guilty to Count Two of the Superseding Indictment charging the defendant with violation of Title 18 U.S.C. § 924(c)(1)(A) (Using, Carrying or Possessing a Firearm in Furtherance of a Crime of Violence, that is Bank Robbery); and Count Five of the Superseding Indictment charging the defendant with violation of 18 U.S.C. §924(c)(1)(A) (Using, Carrying or Possessing a Firearm in Furtherance of a Crime of Violence, that is Carjacking). . . .

ECF No. 29 ¶ 1.

On March 19, 2015, Estell appeared before Judge Hickey for sentencing. ECF No. 37. At sentencing, Judge Hickey sentenced Estell to 84 months on Count 2 and 300 months on Count 5 to run consecutive for a total of 384 months in the Bureau of Prisons with credit for time served in federal custody. He was also sentenced to five (5) years of Supervised Release on each count to run concurrent. Restitution in the amount of $12,478.00 was ordered. *Id.* A judgment adopting this sentence was entered on March 23, 2015. ECF No. 39. Estell appealed his sentence, and the

sentence was affirmed. ECF No. 51.

**2. Instant Motion**:

On June 13, 2016, Estell, through court-appointed counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 52. In this Motion, Estell raises one issue: whether the sentence entered against him pursuant to 18 U.S.C. § 924(c)(1)(A) should be vacated because the language in 18 U.S.C. § 924(c)(1)(A) is void for vagueness under *Johnson v. United States,* 135 S. Ct. 2551 (2015). *Id.* The Government responded to this Motion on August 15, 2016. ECF No. 56. This matter is now ready for decision.

**3. Discussion**:

The issue before the Court is whether the Supreme Court's holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") because it was unconstitutionally vague, applies to 18 U.S.C. § 924(c) and invalidates its "crime of violence" provision. Upon review, the Court finds the reasoning in *Johnson* does not apply to invalidate this provision of 18 U.S.C. § 924(c).

On October 5, 2016, the United States Court of Appeals for the Eighth Circuit directly addressed this issue and ruled that the holding in *Johnson* did not invalidate the language of 18 U.S.C. § 924(c). *United States v. Prickett,* 2016 WL 5799691, at *3 (8th Cir. Oct. 5, 2016). As the Eighth Circuit held: "We therefore conclude that *Johnson* does not render § 924(c)(3)(B) [defining "crime of violence" from 18 U.S.C. § 924(c)(1)(A)] unconstitutionally vague." *Id.*[1] Consistent with that holding, the Court recommends Estell's Motion (ECF No. 52) be **DENIED.**

---

[1] The Eighth Circuit noted it was joining the Second Circuit, *see United States v. Hill*, No. 14–3872–CR, ____ F.3d ____, 2016 WL 4120667, at *7–12 (2d Cir. Aug. 3, 2016), and Sixth Circuit, *see United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016), in reaching this conclusion.

**4.     Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Estell is clearly not entitled to the relief he seeks.[2] Further, I find Estell has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.     Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice. Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **8th day of November 2016.**

  /s/ Barry A. Bryant
  HON. BARRY A. BRYANT
  U.S. MAGISTRATE JUDGE

---

[2] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).